UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES N. YANT,

           Petitioner,           Case No. 1:23-cv-978

v.                                         Honorable Phillip J. Green

MICHIGAN PAROLE BOARD,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.16.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] The consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

I.      **Factual Allegations**

James N. Yant is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. In 1994, following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b(1)(e); one count of armed robbery, in violation of Mich. Comp. Laws § 750.529; five counts of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b; and one count of possession of a firearm by a felon, in violation of Mich. Comp. Laws § 750.224f. *See People v. Yant*, No. 177846, 1997 WL 33347896, at *1 (Mich. Ct. App. June 13, 1997). Petitioner also pled guilty to being a third-offense habitual offender, pursuant to Mich. Comp. Laws § 769.11. *See id.* The trial court subsequently sentenced Petitioner to life imprisonment with the possibility of parole, as well as consecutive sentences of 2 years' incarceration for felony-firearm and 3-5 years' incarceration for felon in possession. *See id.*

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in 1997. *See id.* The Michigan Supreme Court subsequently remanded the matter to the trial court to hold an evidentiary hearing regarding Petitioner's claims of prosecutorial misconduct. *See People v.*

3

*Yant*, 595 N.W.2d 855 (Mich. 1999). The trial court found no evidence of prosecutorial misconduct, and the supreme court ultimately denied Petitioner's application for leave to appeal. *See People v. Yant*, 632 N.W.2d 494 (Mich. 2001). Petitioner then filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, which was denied by the United States District Court for the Eastern District of Michigan. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability and affirmed the denial of Petitioner's habeas petition in 2004. *See Yant v. Gundy*, 98 F. App'x 403, 405 (6th Cir. 2004).

On December 15, 2020, Petitioner appeared for a parole hearing before Dr. Anthony E.O. King, a member of the Michigan Parole Board (MPB). (ECF No. 1-3.) On February 19, 2021, the MPB issued a Parole Board Notice of Decision denying Petitioner parole. (ECF No. 1-4.) The MPB noted that Petitioner would be next considered for parole on November 4, 2025. (*Id.*, PageID.105.) The MPB gave the following reasoning for denying parole:

> Prisoner Yant's testimony during the public hearing was less than credible and, from the Parole Board's perspective[,] raised questions about the prisoner's trustworthiness. During the public hearing, Prisoner Yant was asked to explain the reason for raping the victim when the only explanation provided in the testimony was that Prisoner Yant entered the victim's trailer to steal. Prisoner Yant claimed to be a thief and decided to "steal sex." The Parole Board found this explanation unsatisfying and problematic because it lacks substance and trivializes the violent and abhorrent nature of Prisoner Yant's criminal behavior, as well as the impact it had on the victim. Prisoner Yant's explanation for having a gun when going out the night of the offenses was also dubious. Prisoner Yant claimed it just happened to be in the jacket worn that night. Having heard all testimony in the public hearing the Parole Board concluded releasing Prisoner Yant at this time is not in the best interests of public safety.

(*Id.*)

On March 22, 2022, Petitioner, with the assistance of counsel, filed a petition for writ of habeas corpus in the Branch County Circuit Court, arguing that the MPB's explanation for denying parole "highly mischaracterized [his] testimony." (ECF No. 1-5, PageID.107–108.) In an opinion and order entered on April 22, 2022, the circuit court denied Petitioner's petition. *See* Register of

Actions, *Yant v. Morrison*, Case No. 2022-30118-AH, https://micourt.courts.michigan.gov/case-search/court/C15 (type "Yant" for "Last Name or Business," type "James" for "First Name," select "Search," then select the link for Case No. 2022-30118-AH) (last visited Sept. 25, 2023). The Michigan Court of Appeals and Michigan Supreme Court subsequently denied leave to appeal. *See Yant v. Lakeland Corr. Facility Warden*, 990 N.W.2d 352 (Mich. 2023).

On September 14, 2023, Petitioner filed the present habeas corpus petition. In the instant petition, Petitioner challenges the notice of decision and denial of parole issued by the MPB on February 19, 2021. (*Id.*, PageID.3.) Petitioner suggests that the MPB relied on false information to deny him parole, amounting to "illegal continued confinement." (*Id.*) In support of that argument, Petitioner attaches a document prepared by Dr. King after he interviewed Petitioner regarding parole in 2013. (ECF No. 1-5.) In that document, Dr. King "strongly support[ed]" parole for Petitioner. (*Id.*, PageID.126.) According to Petitioner, the fact that Dr. King supported parole in 2013 must lead to a conclusion that Dr. King "documented untruths about Petitioner in his 2020 summary report and presented even more untruths in 2021 during an executive session vot[e]." (ECF No. 1, PageID.11.) As relief, Petitioner asks that the Court expunge the February 19, 2021, MBP notice of decision and any documents authored by Dr. King regarding that decision. (*Id.*, PageID.15.) He also asserts that the Court "should grant [his] immediate, conditional release." (*Id.*)

## II. Discussion

Section 2254, of Title 28, United States Code, authorizes "an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

5

U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Petitioner suggests that he is in custody in violation of the Constitution because the denial of parole was "arbitrary" and violated his right to "substantive due process." (Pet., ECF No. 1, PageID.3, 5, 8, 10, 11, 14.) Petitioner claims these violations arose because the MPB relied on "FALSE INFORMATION" when the board recently denied parole. (*Id.*, PageID.3 (capitalization in original); *see also id.*, PageID.4–8, 11, 14.)

The Sixth Circuit Court of Appeals considered the same claim in *Bailey v. Wainwright*, 951 F.3d 343 (6th Cir. 2020). In that case, petitioner Michael Bailey also claimed that a parole denial violated his constitutional rights because it was based on false information. The Sixth Circuit concluded that the claim was not cognizable on habeas review under § 2254:

> Section 2254(a) permits courts to "entertain an application for a writ of habeas corpus . . . only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Most habeas cases implicate the "in custody" or "in violation of" federal law requirement by themselves. We face a different problem—a prisoner who does not purport to be in custody in violation of federal law, but who is in custody, complains of an unconnected violation of federal law, and claims a right to proceed all the same under § 2254(a).
>
> The words "in custody" convey any conditions that "significantly restrain" a petitioner's "liberty," *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), such as imprisonment, parole restrictions, or consecutive sentences. *Peyton v. Rowe*, 391 U.S. 54, 64–65, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (physical restraint and consecutive sentences); *Jones*, 371 U.S. at 242–43, 83 S.Ct. 373 (parole). The phrase "in violation of the Constitution or laws or treaties of the United States" has an equally straightforward meaning. A petitioner must claim that his custody violates federal law, not state law, not some other source of law. *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) (per curiam).

> Bailey satisfies each of these requirements in isolation. He is "in custody" because he is serving a life sentence. And his petition rests on a violation of federal law because he claims that Ohio violated his Fourteenth Amendment due process rights. But he has not tied the two together. Bailey does not contend that he is in custody in violation of federal law—in other words, that he is in custody due to a violation of federal law. At its core, Bailey's petition alleges only that he has been deprived of an accurate parole record in violation of federal law. That kind of claim falls outside § 2254(a)'s domain.
>
> Consider Bailey's complaints. He argues, first, that Ohio created a protected liberty interest in an accurate parole record and deprived him of that interest without due process when the Board failed to correct the alleged inaccuracies in the file. He argues, second, that due process independently prevents the Board from making arbitrary decisions, such as refusing to correct a flawed parole record. The problem with both theories is the same: Bailey does not explain how either of them would cause him to obtain parole or otherwise change his custody status.
>
> He does not make this argument because he cannot make this argument. Ohio does not give inmates a right to parole; the Board has authority to grant or deny a candidate's application at its discretion. [*State ex rel.* ]*Keith*[ *v. Ohio Adult Parole Auth.*], 24 N.E.3d [1132,] 1135–36 [(Ohio 2014)]. As a result, Bailey cannot argue that, but for the allegedly inaccurate description, the Board would grant him parole.

*Id.* at 346.

The discretion of the MPB is similarly broad. *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (en banc) (noting "the broad powers of the Michigan authorities to deny parole"); *see also Crump v. Lafler*, 657 F.3d 393, 403, 404 (6th Cir. 2011) (stating "[i]n Michigan, the discretion left to the Parole Board is markedly greater" and "[t]here is no 'legitimate claim of entitlement to parole'"); *Hill v. Snyder*, 878 F.3d 193, 202 (6th Cir. 2017) (explaining that the Michigan parole statutes "endow the Board with discretion to deny parole to those who are eligible") Thus, Petitioner, like Bailey, does not allege "that he is in custody due to a violation of federal law." *Bailey*, 951 F.3d at 346. Therefore, Petitioner has not stated a cognizable habeas claim.

**III.    Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court finds that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

8

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:  October 3, 2023                          /s/ Phillip J. Green
                                                 Phillip J. Green
                                                 United States Magistrate Judge